Complainant brings this suit to enjoin the defendants from using the sewer system of complainant. The complainant, the borough of Edgewater, made a contract with the defendant the borough of Cliffside Park, allowing the latter borough to construct an outlet sewer through and across Edgewater and discharging its effluent into a box sewer constructed and maintained by Edgewater. Defendant township of North Bergen constructed a sewer in a portion of its territory, separated from Edgewater by an intervening portion of Cliffside Park, and connected its own sewer with that of Cliffside Park, which in turn was connected with the system of Edgewater. North Bergen had no permission from either of the other two boroughs to make this connection. It is clear that North Bergen had no right to thus discharge a part of its sewage into the system of Cliffside Park. It seems equally clear that North Bergen had no right to discharge its sewage into the system of Edgewater even though this was done by passage through an intervening system. The only substantial question before this court is as to whether complainant is entitled to the remedy sought.
North Bergen contends that the amount of flow through the pipe in question is very small, so much so as to be negligible and that the doctrine de minimis non curat lex applies. It asserts that since the contract between Edgewater and Cliffside Park allowed Cliffside Park to connect a pipe of a certain size no harm is done by the addition of a few thousand gallons a day so long as the pipe is not taxed to its full capacity.
The fact that the injury done to complainant is small is *Page 41 
no reason for this court to refuse to protect its rights. Unlawfully discharging sewage into the sewer system of complainant constitutes a trespass upon complainant, and since the trespass is continuous this court will enjoin such continuance. King v. Muller, 73 N.J. Eq. 32; Mayor, c., ofPaterson v. East Jersey Water Co., 74 N.J. Eq. 49.
As to the contention that Cliffside Park does not utilize its sewer pipe to full capacity as it is entitled to under its agreement with complainant, and that therefore the addition of sewage by North Bergen does not increase the burden of the easement, this defense does not appeal to the conscience of the court. North Bergen's rights are not measured in any sense by the rights of Cliffside Park, since North Bergen is a mere interloper which has without any right attached its system to that of Cliffside Park. It might well be that in time of flood or other emergency the full capacity of the pipe would be needed for the sewage of Cliffside Park alone. The contract between complainant and Cliffside Park was made for the purpose of disposing of sewage of Cliffside Park only, and the addition of sewage from somewhere else is certainly an addition to the burden of the granted easement.
According to the bill, it is alleged that Cliffside Park permitted the attachment to the system of that of Edgewater, but it was shown at the trial that no such permission was given. Cliffside Park now appears to be willing to allow North Bergen to continue its attachment provided appropriate compensation is made. This, however, cannot be permitted since under the proper construction of the contract with complainant, Cliffside Park is restricted to the use of its pipe for its own sewage and cannot farm out greater rights to anyone else.
A decree will be advised restraining the township of North Bergen from discharging the pipe in question into the system of Cliffside Park so as to discharge into the system of complainant. *Page 42